UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STANLEY L. FELTON,
*now known as G'ESA KALAFI*,

                      Plaintiff,

v.                                                    Case No. 24-cv-1588-pp

ANTHONY MATUSHAK, *et al.*,

                      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO HOLD SCREENING ORDER IN ABEYANCE (DKT. NO. 9)**

---

Plaintiff Stanley L. Felton, now known as G'esa Kalafi, filed this lawsuit under 42 U.S.C. §1983. Dkt. No. 1. On January 7, 2025, he paid the $59.79 initial partial filing fee. Ordinarily, the next step in the litigation would be for the court to issue an order screening the complaint under 28 U.S.C. §1915 to determine whether it states viable claims for relief.

But on January 13, 2025, the court received the plaintiff's motion asking the court not to screen the case yet and to hold the screening order "in abeyance." Dkt. No. 9. The plaintiff says that he plans to file a motion under Federal Rule of Civil Procedure 20 "to join parties (lawsuits) in lawsuits Stanley L. Felton nka G'esa Kalafi v. Ken Dawson, et al., case no. 24cv1489-scd and Stanley L. Felton nka G'esa Kalafi v. Anthony Matushak, et al., case no. 24CV1588-pp." Id. at 2. (In pending Case No. 24-cv-1489, Magistrate Judge Dries screened the plaintiff's complaint and ordered him to file an amended complaint by January 27, 2025. Id.) The plaintiff says that he "will 'Amend' civil

complaint 24cv1588pp and attach it to the Rule 20 Motion." Id. He says that this "Amended Civil Action" will cure the deficiencies Judge Dries identified in the complaint in 24-cv-1489. Id. The plaintiff plans to file the Rule 20 motion and the amended complaint in this case by January 27, 2025. Id.

The requirements for joining multiple parties in a single lawsuit are governed by Federal Rule of Civil Procedure 20. Rule 20(a)(2) states that multiple defendants may be joined in one lawsuit if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**
>
> (B) any question of law or fact common to all Defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). In other words, the plaintiff may bring in one lawsuit all the claims he has against the defendants "only if [the] claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" Id. (citing Fed. R. Civ. P. 20(a)(1)(A) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.")).

The plaintiff does not explain whether his two lawsuits involve the same defendants, or whether they involve the same claims against different defendants. A quick comparison of the two cases shows that the defendants listed in each case are different; no defendant is named in both cases. The alleged claims also appear to be different, without overlap. As Judge Dries

summarized in Case No. 24-cv-1489, "Plaintiff asserts that an employee of ICSolutions [a company that provided tablets to persons incarcerated at Green Bay Correctional Institution] retaliated against him by forwarding a recording of a conversation he had with his wife to prison officials for review" after the plaintiff "complained that free earbuds, which were replaced at no cost to the inmates, were defective." Case No. 24-cv-1489, Dkt. No. 5 at 4. Although the court has not yet screened it, the complaint in this case alleges that prison officials at Green Bay violated the plaintiff's rights by placing him on lockup after he made a call "speaking on his conditions on confinement," issued him a conduct report for his call and conducted a "sham due process hearing" on the report. Dkt. No. 1 at ¶¶10, 16. The complaint in this case alleges that prison officials again retaliated against the plaintiff by placing him in administrative confinement without a proper hearing. Id. at ¶¶20–26.

Joinder of these two sets of claims would not be proper. The plaintiff has filed two, separate cases suing different prison officials for unrelated conduct that occurred at different times. The complaints do not have defendants or claims in common, nor do the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Because joinder of the plaintiff's two lawsuits is not proper, the court is unlikely to grant the plaintiff's Rule 20 motion.

Nor can the plaintiff cure the deficiencies Judge Dries identified in the complaint in Case No. 24-cv-1489 by filing an amended complaint in this case. If the plaintiff wants to cure the deficiencies Judge Dries identified, he must file an

amended complaint in Case No. 24-cv-1489, and Judge Dries will screen that amended complaint to determine whether it addresses the deficiencies he identified. If the plaintiff believes that he needs to amend the complaint he filed in *this* case, he must file an amended complaint in *this* case, and *this* court will screen that amended complaint. The court will not hold off on issuing the screening order while it waits for the plaintiff to file a joinder motion that is unlikely to succeed.

The court **DENIES** the plaintiff's motion to hold the screening order in abeyance. Dkt. No. 9. The court will issue a separate order screening the plaintiff's complaint.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**